

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CONCRETE LOG SYSTEMS INC., d/b/a/ EVERLOG SYSTEMS,<br><br>Plaintiff,<br><br>vs.<br><br>BETTER THAN LOGS, INC.,<br><br>Defendant. | CV 18–34–M–DWM<br><br>ORDER |

At issue is Defendant Better Than Logs, Inc.'s ("Better Than Logs") request for a stay pending reexamination of Plaintiff Concrete Log Systems Inc. d/b/a/ Everlog Systems' ("Everlog") patent for a cement-based, simulated log siding ("'598 Patent") pending reexamination by the United States Patent and Trademark Office ("Patent Office"). (Doc. 9.) The motion is denied.

Everlog is a Montana corporation with its principal place of business in Missoula, Montana. (Compl. Doc. 1 at ¶ 2.) It is the owner of the '598 Patent, entitled "Simulated Log Siding," which issued July 4, 2017. (*Id.* at ¶ 7.) The '598 Patent covers a cementitious siding product designed to appear as wooden log siding. (*Id.* at ¶ 9.) Everlog sells products practicing the '598 Patent under the names "Everlogs," "Everlog Systems," "Everlog Siding," and "Everlog Timbers."

1

(*Id.* at ¶ 10.)

Better Than Logs is a Montana corporation with its principal place of business in Drummond, Montana. (Ans. Doc. 7 at ¶ 2.) Everlog asserts that Better Than Logs manufactures and sells a number of products which infringe on the '598 Patent, (Doc. 1 at ¶ 13), which Better Than Logs Disputes, (Doc. 7 at ¶ 13). Generally speaking, those products are elongated, concrete "logs" patterned to look like wood. (Doc. 1 at ¶ 14.) Everlog argues the products compete directly with its engineered siding products. (*Id.* at ¶ 13.) Everlog has not licensed or authorized Better Than Logs to manufacture, sell, or import any products covered by the '598 Patent. (*Id.* at ¶ 15.)

Everlog seeks injunctive and monetary relief against Better Than Logs for false advertising and deceptive trade practices pursuant to the Lanham Act and Montana common law. (Doc. 1 at ¶ 1.) Count One alleges patent infringement in violation of 35 U.S.C. § 271. (*Id.* at ¶¶ 16–23.) Count Two alleges false designation of origin and unfair competition, in violation of 15 U.S.C. § 1125(a)(1)(A). (*Id.* at ¶¶ 24–59.) Count Three alleges false advertising, in violation of 15 U.S.C. § 1125(a)(1)(B). (*Id.* at ¶¶ 60–63.) Count Four alleges unfair competition, in violation of Montana common law. (*Id.* at ¶¶ 64–68.) Boiled down, Everlog alleges Better Than Logs has infringed on its patent and falsely advertised that its products are "Made in U.S.A." and "Made in Montana."

(Doc. 13 at 2.)

On April 18, 2018, Better Than Logs filed a request with the Patent Office to have the '598 Patent "reexamined" to determine its validity. (Doc. 10 at 2; Doc. 10-1.) On June 1, 2018, the Patent Office granted Better Than Logs' request for *ex parte* reexamination. (Doc. 10 at 3; Doc. 10-2.) Better Than Logs filed its Answer on May 15, 2018, denying each of Everlog's claims and raising two counterclaims, alleging it has not infringed on the '598 Patent and that the '598 Patent is invalid. (Doc. 7.)

After the Patent Office granted its request for reexamination, Better Than Logs filed a motion to stay this case pending reexamination. (Doc. 9.) Everlog opposes the motion, (Doc. 13), which has been fully briefed and is ripe for ruling.

## LEGAL STANDARDS

Pursuant to 35 U.S.C. § 302, "any person" may request that the Patent Office reexamine an issued patent and present prior art references that affect the validity of the patent. The Patent Office then "determine[s] whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." *Id.* at §303(a). "If . . . a substantial new question of patentability affecting any claim of a patent is raised, the determination will include an order for reexamination of the patent for resolution of the question." *Id.* at § 304.

"While courts are not required to stay judicial resolution in view of

3

reexamination, a stay for purposes of reexamination is within the district court's discretion." *In re Cygnus Telecomm. Tech, LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (internal citations omitted). "When determining the appropriateness of a stay pending reexamination, the court considers the following three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Id.* (internal quotations omitted).

## ANALYSIS

Better Than Logs argues a stay is appropriate to promote judicial efficiency, simplify the issues, and avoid inconsistent results. (Doc. 10 at 1–2.) Everlog responds that, because the delay at the Patent Office will be considerable and will not resolve all the issues in the case, a stay is not merited. (Doc. 13 at 2.)

### I. Whether a stay would prejudice or tactically disadvantage Everlog

Better Than Logs argues Everlog will not be prejudiced by a stay. (Doc. 10 at 15.) Everlog insists that a lengthy stay while the Patent Office completes its reexamination will prejudice Everlog by depriving it of its right to assert its patent. (Doc. 13 at 8.) Everlog's position is more persuasive.

Everlog notes that, if this case is stayed, Better Than Logs will continue to be able to market and sell its allegedly infringing products, to Everlog's detriment.

4

(*Id.* at 9.) "The essential attribute of a patent grant is that it provides a right to exclude competitors from infringing the patent." *Accumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1328 (Fed. Cir. 2008). Further, "[a] patent shall be presumed valid." 35 U.S.C. § 282. Everlog's patent right necessarily suffers if, as alleged, Better Than Logs is selling infringing products in direct competition with Everlog. While the parties dispute the amount of time the reexamination will take, it appears that, at minimum, the reexamination will take over a year. (Doc. 14 at 4-5.)

Further, and as explained below, a stay would also give Better Than Logs a tactical advantage because, even if the Patent Office affirms the validity of the '598 Patent, Better Than Logs will still be able to raise the same arguments in this case.

## II. Whether a stay would simplify the issues for trial

Better Than Logs asserts a stay will simplify the issues for trial by potentially invalidating some claims of the '598 Patent. (Doc. 10 at 9.) Everlog insists that the reexamination is not guaranteed to eliminate the '598 claims, (Doc. 13 at 7), and that the reexamination will not affect Everlog's non-patent claims, (*id.* at 10.) Better Than Logs rebuts that it seeks only to stay the patent claim, and that the rest of the case should proceed. (Doc. 14 at 2.)

"One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the

5

district court with the expert view of the [Patent Office] (when a claim survives the reexamination proceeding.)" *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). Better Than Logs is therefore correct that, should the Patent Office cancel some, or all, of the '598 Patent claims, this case would be simplified. But there is no guarantee that that will be the case, and as it stands, the '598 Patent is presumed valid. *See* 35 U.S.C. § 282.

Additionally, a stay is not guaranteed to simplify the issues because *ex parte* reexaminations do not prevent the petitioner, here Better Than Logs, from raising the same arguments it asserted before the Patent Office in the ensuing civil proceeding. *See Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, 2011 WL 3267768, *5 (N.D. Cal. July 28, 2011). While completion of an *inter partes* review precludes the petitioner from "assertin[g] . . . in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground the petitioner raised or reasonably could have raised during that inter partes review," 35 U.S.C. § 315(e)(2), that preclusive effect does not apply to *ex parte* review. That means that if Better Than Logs does not prevail in the *ex parte* reexamination, it can still raise the same arguments in this case.

As to Better Than Logs' argument that staying only the patent claim will streamline this litigation, doing so would essentially create two cases, which does not lend itself to judicial economy.

### III. Whether discovery is complete and trial date has been set

Discovery does not appear to have begun in this case, (Doc. 10 at 3), and, when the motion was filed, no trial date had been set. But while this factor weighs in favor of a stay, it does not outweigh the other two factors.

#### CONCLUSION

A stay risks undue prejudice, would not necessarily simplify the issues, and would result in bifurcated litigation. Accordingly, IT IS ORDERED that Better Than Logs' motion (Doc. 9) is DENIED.

DATED this 19th day of July, 2018.

Donald W. Molloy, District Judge
United States District Court